IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BALDWIN COUNTY BOARD OF EDUCATION, ) ) ) | |
| Plaintiff, ) ) ) | |
| v. ) ) | CIVIL ACTION NO. 11-00558-KD-M |
| MELVIN PIERCE PAINTING, INC., and FCCI INSURANCE COMPANY, ) ) ) ) | |
| Defendants. ) | |

**ORDER**

This action is before the Court on motion for realignment of the parties filed by defendant FCCI Insurance Company (FCCI), the response filed by plaintiff Baldwin County Board of Education (the Board), FCCI's reply (docs. 3, 14, 17), the Board's motion to remand and, FCCI's response (docs. 12, 16). Upon consideration and for the reasons set forth herein the motion to realign is **GRANTED** and the motion to remand is **DENIED**. Accordingly, the style of this action shall be amended to realign Melvin Pierce Painting, Inc. (Pierce) as a plaintiff and all subsequent documents shall reflect this amendment.

I. Procedural Background

In 2008, the Board filed suit against Pierce in the Circuit Court of Baldwin County, Alabama,[1] and obtained a judgment of approximately $1.5 million in June 2011. (Doc. 1, Notice of Removal). In August 2011, the Board filed a First Amended Complaint which added FCCI as a

---

[1] The Board alleges that Pierce, a painting contractor, "failed to seal openings on the exterior of the Spanish Fort Elementary School classrooms in the areas surrounding its sandblasting operations, and as a result, the sandblasting material became airborne with the particulates migrating through the unsealed openings in the school buildings, ultimately covering the exteriors of the buildings, the grounds of [the School] as well as the school's interior causing property damage and other damage for which [Pierce] was responsible and for which it possessed liability insurance." (First Amended Complaint, Doc. 1, Exhibit 3).

defendant to the action. (*Id*.)  FCCI is the liability insurance provider for Pierce and the Board seeks to satisfy its judgment from any available insurance coverage. (*Id*.)   Pierce and the Board are citizens of Alabama and FCCI is a citizen of Florida.

FCCI removed this action on basis of diversity jurisdiction. FCCI asserts that the requirements for diversity have been met because the amount in controversy exceeds $75,000, and that upon proper realignment of Pierce as a plaintiff with the Board, diversity of citizenship will exist. (*Id*.)  The same day as the notice of removal was filed, FCCI also filed a motion for realignment of the parties wherein it argues that Pierce should be realigned with the Board and thus establish diversity jurisdiction.[2] (Doc. 3, 17).  In response, the Board argues that the motion to realign should be denied, Pierce and FCCI should remain as co-defendants, and therefore, FCCI has not met the citizenship requirement for diversity jurisdiction. (Doc. 14).

The Board also filed a motion to remand wherein it argues that the removal is defective and that the parties should not be realigned.  The Board also asserts that diversity jurisdiction is determined by the status of the parties at the time of removal and since there was no diversity at that time, the action should be remanded. (Doc. 12).  In response, FCCI argues that the Court must first determine the parties' relation to the suit according to their real interests in the ultimate outcome, realign the parties based thereon, and then decide whether there is diversity jurisdiction.  FCCI argues that this Court should realign Pierce as a plaintiff with the Board since their ultimate interests in the outcome are the same: Obtaining payment of the judgment against Pierce from the proceeds of the FCCI insurance policy . (Doc. 16).

II.  Analysis

    A.  Direct Action

---

[2] The parties do not dispute that the amount in controversy exceeds $75,000.00.

The first issue is whether this action is a "direct action" as contemplated under the federal diversity statute such that FCCI would be deemed to have the Alabama citizenship of its insured, Pierce.

Title 28 U.S.C. § 1332 sets forth as follows:

> For the purposes of this section and section 1441 of this title- a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business; and

28 U.S.C. § 1332(c)(1).

Considering the status of the parties on removal, this is not a direct action as contemplated by the statute. The Board sued Pierce and FCCI. The Board did not sue FCCI only. Therefore, FCCI will not be deemed to have the citizenship of Pierce, its insured. *See Armentrout v. Atlantic Casualty Ins. Co.*, 731 F.Supp.2d 1249, 1257 n.3 (S.D. Ala. 2010) ("[Section] 1332(c)'s definition of 'direct action' mandates that the insured not be joined as a party defendant."). Nor would realignment, leaving only FCCI as the sole defendant, convert this action. *Cromwell v. Admiral Ins. Co.*, 2011 WL 2670098, *3 (S.D.Ala. June 21, 2011) (slip copy), adopted 2011 WL 2689356 (S. D. Ala. July 7, 2011), ("to collect a preexisting judgment from the judgment debtor's insurer is not a 'direct action' which would make the insurer share the citizenship of its insured. . ." ).

B.  Motion to realign

"For the purpose of removal, the federal law determines who is plaintiff and who is defendant. It is a question of the construction of the federal statute on removal, and not the state statute. The latter's procedural provisions cannot control the privilege or removal granted by the federal statute." *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580, 74 S. Ct. 290, 294 (U.S.

1954) (citation omitted). The court is not required to maintain the status of the parties as plead, but instead must "look beyond the pleadings, and arrange the parties according to their sides in the dispute." *Indianapolis v. Chase National Bank,* 314 U.S. 63, 67, 62 S.Ct. 15 (1941). To do so, the court must determine "the principal purpose of the suit and the primary and controlling matter in dispute." *Indemnity Ins. Co. of North America v. First Nat. Bank at Winter Park, Fla.*, 351 F.2d 519, 522 (5th Cir. 1965) (citing *City of Indianapolis*, 314 U.S. at 72); *Hamer v. New York Rwy*, 244 U.S. 266 (1917)( for purpose of diversity jurisdiction, the parties must realign according to their ultimate interests in the outcome of the litigation). Also, "[r]ealignment is appropriate only if the interests of the realignment parties are manifestly the same." *Andalusia Enterprises, Inc. v. Evanston Ins. Co.*, 487 F. Supp. 2d 1290, 1296–97 (N.D. Ala. 2007).

The action before this Court was filed initially to establish Pierce's liability and then the amended complaint added FCCI in an attempt to collect any insurance proceeds from Pierce's policy. In the First Amended Complaint (doc. 1-5), the Board alleges that FCCI has coverage available of $1,000,000.00 per occurrence and $2,000,000.00 in the aggregate and that Pierce put FCCI on notice of the Board's claim in June 2008. The Board also alleges that FCCI denied coverage and disclaimed any duty to defend Pierce and Pierce challenged that decision, but FCCI did not provide a defense or change its position regarding coverage. The Board alleges that the "exclusions and policy provisions relied upon by FCCI are inapplicable, do not serve to exclude or prevent coverage of MPPI's liability to the BCBOE or are ambiguous as to their application and such ambiguity is construed against the carrier." (Doc. 1-5, p. 3). The Board brings four counts against the defendants in an attempt to collect its judgment: Count One for statutory attachment, Count Two for foreclosure of lien, Count Three for hypothecation, and Count Four for equitable garnishment, and seeks judgment against FCCI for the full limits of insurance policy. FCCI answers and admits that it issued a policy to Pierce, admits the policy limits, admits that it was

notified of the lawsuit, admits that it denied coverage, and admits that a judgment was entered against Pierce, but denies other allegations. (Doc. 2, answer).  FCCI set forth fourteen different affirmative defenses. (Doc. 2, p. 5).  Among these, FCCI asserts that its liability is limited by the terms and conditions in the policy and that it is not liable for the judgment against Pierce because the insurance policy does not provide coverage for the judgment. (*Id*.).

Therefore, the primary purpose of this litigation is to determine whether FCCI must provide coverage, and if so, the amount of coverage available to satisfy the $1.5 million dollar judgment against Pierce.  Since Pierce sought indemnification and a defense, which FCCI initially denied, and Pierce then challenged FCCI's decision, it is clear that Pierce too is interested in having FCCI pay all of the judgment or as much as possible to reduce its liability. The parties have not identified any other substantive issue or purpose in this action. Thus, the Court finds that Pierce's interests properly align with the Board and not with FCCI and that realignment of Pierce as a plaintiff is appropriate.  Accordingly, the motion to realign is GRANTED.  Pierce having been realigned as a plaintiff, this Court has diversity jurisdiction over this action.

C.  Motion to remand

The Board also argues that the action should be remanded because FCCI fails to make a short and plain statement of its grounds for removal. In the notice of removal, FCCI asserts that removal is based on diversity jurisdiction, sets forth the citizenship of the parties, distinguishes this action from a direct action, explains that Pierce's presence as a defendant is nominal or a formality, and identifies the real interests of the parties.  Thus, FCCI has made "a short and plain statement of the grounds for removal". 28 U.S.C. § 1446(a).  Therefore, the motion to remand is **DENIED**.

**DONE** and **ORDERED** this 17th day of  January, 2012.

       s / Kristi K DuBose
       **KRISTI K. DuBOSE**
       **UNITED STATES DISTRICT JUDGE**